**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:19-CR-00048-1-MJT** |
| | § | |
| | § | |
| **DARRELL OLIVER LEWIS** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed June 22, 2026, alleging that Defendant, Darrell Oliver Lewis, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

Darrell Oliver Lewis was sentenced on June 18, 2020, before The Honorable Thad Heartfield, of the Eastern District of Texas, after pleading guilty to the offense of Kidnapping, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 41 and a criminal history category of III, was 360 months to Life. Darrell Oliver Lewis was subsequently sentenced to 36 months' imprisonment followed by a 5 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, abstain from alcohol, substance abuse testing and treatment, mental health treatment, and a $100 special assessment.

## II. The Period of Supervision

On January 4, 2022, Lewis completed his period of imprisonment and began service of the supervision term.

On March 16, 2023, this case was reassigned to Judge Michael J. Truncale. On March 30, 2023, the court modified the special conditions of supervised release, with Lewis' consent, to remain within Jefferson County, Texas for a period of 180 days and to refrain from all contact, communication, or other interaction with Warren Shepeard and Steven Williams.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising five allegations. The petition alleges that Lewis violated the following conditions of release:

> Allegation 1. You must not commit another federal, state or local crime.
>
> Allegation 2. You must not commit another federal, state or local crime.
>
> Allegation 3. You must not commit another federal, state or local crime.
>
> Allegation 4. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or probation officer.
>
> Allegation 5. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

## IV. Proceedings

On August 25, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced an agreement as to a recommended disposition regarding the revocation. Defendant agreed to plead "true" to the fourth and fifth allegations that claim he failed to refrain from leaving the district and associated with a known felon. In return, the parties agreed that he should serve a term of 9 months' imprisonment with one year of supervised release to follow.

**V. Principles of Analysis**

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class A felony, therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to refrain from leaving the district and associating with a known felon, Defendant will be guilty of committing a Grade C violation.

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the policy statement imprisonment range is 5 to 11 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

According to U.S.S.G. § 7C1.4(b), any term of imprisonment imposed upon the revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. Defendant's agreed upon revocation sentence shall run consecutively to any other term of imprisonment he is serving.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and a defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than 5 years.

U.S.S.G. § 7C1.4(c) indicates where supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the petition's fourth and fifth allegations that he violated standard conditions of release alleging that he failed to refrain from leaving the district and associated with a known felon. Based upon Defendant's plea of "true" to these allegations of the Petition for

Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated his conditions of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Defendant's violations are Grade C violations, and the criminal history category is III. The policy statement range in the Guidelines Manual is 5 to 11 months. Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses Defendant's violations. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 9 months with one year of supervised release to follow.

## VII. Recommendations

The court should find that Defendant violated the allegations in the petition that he violated standard conditions of release by failing to refrain from leaving the district and associating with a known felon. The petition should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. Defendant should be sentenced to a term of 9 months' imprisonment with one year of supervised release to follow. Defendant requested to serve his prison term at the Federal Correctional Institution in Fort Worth, Texas due to his epilepsy medical condition. Defendant's request should be accommodated, if possible.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when Defendant was originally sentenced in this case and any subsequent modifications shall be re-imposed. Such conditions are

set forth in the Judgment and Modification Order, and the rationale for these conditions is contained in Defendant's Presentence Investigation Report and any such Petition to Modify.

**VIII. Objections**

At the close of the revocation hearing, Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 25th day of August, 2026.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE